McFarland, J.,
delivered the opinion of the Court.
The prisoner was indicted and convicted in the Criminal Court of Montgomery county, for a felonious assault upon Jesse Allensworth, with intent to commit, murder in the first degree; and his motions for a new trial and in arrest of judgment were overruled, and judgment rendered upon the verdict, sentencing him to 21 years’ imprisonment in the Penitentiary; and from this judgment he has appealed. The proof shows that the prosecutor was driving along a public highway in his *343 buggy, when the prisoner suddenly came out from a thicket at the side of the road, and assaulted the prosecutor, first jerking him out of his buggy, and then striking him with a stick, and then stabbing him with a knife.
The Circuit Judge, in his charge to the jury, among other things, uses the following language: “If you find from the testimony, that the defendant was lying in wait for the purpose of making an assault and battery upon the prosecutor with a deadly weapon, then the law infers that said assault and battery was made with, intent to commit murder in the first degree, and if death ensue, it would be murder in the first degree; if death do not ensue, then it would be an assault with intent to commit murder in the first degree.”
Section 4598 of the Code, defines murder in the first degree in these words: “Every murder perpetrated by means of poison, lying in wait, or by any other kind of willful, deliberate, malicious and premeditated killing, or committed in the perpetration of, or attempt to perpetrate any arson, rape, burglary, robbery or larceny, is murder in the first degree.”
Section 4626, under which this indictment was found, is in these words: “Whoever shall feloniously, and with malice aforethought, assault any person with intent to commit murder in the first degree, or shall administer or attempt to give, any poison or potion for that purpose, though death shall not ensue, shall, on conviction, be imprisoned in the Penitentiary not less than three nor more than twenty-one years.” It has been held, and admits of no doubt, that, in order to sustain *344 a conviction under this section, it must appear that the assault was of such a character, and made under such circumstances that had death ensued, the accused would have been guilty of murder in the first degree: Dains v. The State, 2 Hum., 439; Davidson v. The State, 9 Hum., 455. But from this it does not follow, that in every case where the accused would be guilty of murder in the first degree if death ensue, he will therefore be guilty of an assault with intent to commit murder in the first degree, in the meaning of section 4126, if death do not ensue. To illustrate, by the express provision of section 4597, a murder committed in the perpetration of, or attempt to perpetrate a robbery, is murder in the first degree. And in such a case, it is not necessary to show the deliberation, and premeditation, required to make out murder in the first degree, when committed by the ordinary means; but, in such a case it is only necessary to show, that the murder was committed in the perpetration of, or attempt to perpetrate robbery. Yet, in such a case, if death do not ensue from the injuries inflicted, it is not an assault with intent to commit murder in the first degree, but an assault with intent to commit robbery, a separate and distinct felony, under a different section of the Code. So again, if an assault is made with intent to commit rape, if death ensues, under such circumstances as to make it murder, it is murder in the first degree, by the express enactment above set forth. Yet, if death do not ensue, it is not an assault with intent to commit murder in the first degree, but an assault with intent to ravish, a separate and distinct felony.
*345 A murder perpetrated by lying in wait, is a murder in the first degree; and if the fact of lying in wait be proved, and the killing be of such a character as to constitute murder, then it is murder in the first degree, without any proof of deliberation or premeditation. The fact of lying in wait is, of itself, made the evidence of the premeditation and deliberation: See Riley v. The State, 9 Hum., 646. If the murder, however, be by the ordinary means, the deliberation and premeditation must appear from the proof. The question is, what is the result, where the assault is made by lying in wait, but death does not ensue? Hoes the proof of the assault and lying in wait make out the case?
It will be observed, that section 4626 does not include in this felony every case which is made murder in the first degree, under section 4598, in the event death ensues. It does not, as we have seen, include cases where there has been a commission, or an attempt to commit robbery, rape, arson, burglary, or larceny; nor does it include the case of lying in wait. It does expressly include cases where poison is administered or attempted to be given for the purpose of murder ; and we understand this section to include two classes of cases: that is, 1st, where poison is administered or attempted to be given for the purpose of murder. In such a case, no proof of deliberation or premeditation is necessary. Next, a felonious assault with intent to commit murder in the first degree. And in every case under this section, except in the case where poison is given, or attempted to be given, the deliberation and premeditation must be proved. In a case where the assault is per *346 petrated by lying in wait, the fact that the accused is lying in wait, may undoubtedly be considered by the jury as evidence of deliberation and premeditation.
Yet, it does not result as a conclusion of law, as it would in case of murder, that the assault was with the deliberate and premeditated purpose of committing murder in the first degree, but this is a question of fact, upon all the evidence.
As we have seen, if in such a case, where the lying in wait is shown, and death ensues, under such circumstances as to constitute murder, it is murder in the first degree, as a conclusion of law. Yet, 'if death does not ensue, the fact of lying in wait does not, as a conclusion of law, make it an assault with intent to commit murder in the first degree. This difference appears in the statute, and the reasons are obvious; for, while it may be fairly said that every willful murder committed by lying in wait, is a deliberate and premeditated murder; yet, it does not follow, that every assault made by lying in wait, is made for the deliberate and premeditated purpose of committing murder. Tested by these principles, it results that the instructions of the Circuit Judge are erroneous. He says to the jury: “If you find from the testimony that the defendant was lying in wait for the purpose of making an assault with a deadly weapon, the law infen that said assault and battery was made with the intent to commit murder in the first degree; and if death do not ensue, then it would be an assault with intent to commit murder in the first degree.”
This makes the lying in wait with a deadly weapon *347 conclusive of the deliberate and premeditated purpose to commit murder in the first degree; whereas, it was not a conclusion of law, but a question of fact, to be left to the jury upon all the evidence. And further, it makes the test whether this was an assault with intent to commit murder in the first degree, depend upon whether it would have been murder in the first degree had death ensued, and in arriving at this conclusion, the jury were to be governed by the same rule. This, as we have seen, is erroneous.
The use of a deadly weapon implies malice, at common law, but does not imply that the act was done with deliberation and premeditation necessary to constitute murder in the first degree: Dains v. The State, 2 Hum., 439. It is not necessasy to notice the other objections taken to the charge.
For the error indicated, the judgment must be reversed, and a new trial awarded.